# Tolbert, *et al. v.* Falkenberry.

*Bill to Redeem Land or Have it Sold Free From Claims of Respondents.*

(Decided Jan. 30, 1906. 40 So. Rep. 120)

1. *Justices of Peace; Jurisdiction; Enforcement of Mechanic's Lien.*—The jurisdiction to entertain a suit for the enforcement of a mechanic's line by a Justice of the Peace is purely statutory.

2. *Same; Statutes; Construction.*—Section 2733 of Code of 1896 does not confer jurisdiction on Justices of the Peace to render judgment enforcing a mechanic's lien, where the amount of same exceeds fifty dollars, and a judgment rendered by a Justice of the Peace to enforce such a lien, where the amount involved exceeds fifty dollars, is a nullity.

[Tolbert, *et al.* v. Falkenberry.]

APPEAL from Covington Chancery Court.

Heard before Hon. W. L. Parks.

Bill by Falkenberry against Tolbert, et al., to redeem land or for a sale of same free from encumbrance on part of claims of respondents.

The facts on which relief is sought, the allegations of the bill and the questions raised on demurrer thereto are sufficiently stated in the opinion of the court.

POWELL & ALBRITTON, and C. E. HAMILTON, for appellant.—The right to establish a materialmans lien is dependent upon the statute.—*Globe I. R. & C. Co. v. Thatcher*, 87 Ala. 465. The allegations of the bill fail to show that the proceedings were had as required by the statute. —Sections 2727 and 2746. The bill affirmatively shows that the justice of the peace who rendered the judgment fixing the lien was without jurisdiction to do so.—Sec. 2742, Code 1896.

The judgment is void for another reason. The judgment entry recites that it is the opinion of the court that the plaintiff have and recover of the defendant, etc. —*Thompson v. Maddox*, 105 Ala. 426; *Richardson v. Peagler*, 111 Ala. 478. A void judgment may be attacked collaterally.—1 Black on Judgments, Sec. 278.

J. J. PAYNE and RILEY & WILKERSON, for appellee. No brief came to the Reporter.

HARALSON, J.—The complainant below J. H, Falkenberry, appellee, here, bases his right to relief upon the grounds, as alleged, that he furnished to the defendant Stewart, certain materials for the erection of a house upon the land, for which he claims a material-man's lien, which, by proceedings set out in the bill, he attemptetd to perfect. He alleges, he brought suit in the court of a justice of the peace, upon the account for the payment of which he sought to have declared a lien on the land on which the house was built and to have the same enforced; that he recovered a judgment in said court of the justice of the peace for the sum of $68.54 and the costs of suit, and a lien was declared on the property described, and

the same was condemned to sale for the satisfaction of said judgment, and that said judgment was certified to the clerk of the circuit court, who entered the same on the execution docket of said court and issued a venditioni exponas to the sheriff, directing him to sell said house and lot for the satisfaction of said judgment and costs. It appears, that the sheriff, obeying this writ, proceeded regularly to sell the property, and complainant became the purchaser thereof for $88.81, the amount of said judgment and costs, and the sheriff executed and delivered to him a deed conveying to him the interest of said Stewart in said property. It is under and by virtus of this conveyance that the complainant derived any right or title to the property in question, and on which he bases his right to redeem the same, or to have it sold free from the claims of defendants therein.

The defendants demurred to the bill as amended on many grounds, among them being the one, that set up in substance that J. M. Snead, a justice of the peace who rendered the judgment and declared a material-man's lien for its enforcement, had no jurisdiction to render said judgment, and establish such lien.

The jurisdiction of a justice of the peace to render a judgment and declare a lien of this character is wholly a creation of statute. Until the passage of the statute embodied in Section 2733 of the Code of 1896, a justice was without any jurisdiction in such matters. That section provides that "where the amount involved exceeds fifty dollars, actions for the enforcement of liens under this article may be brought in the circuit court, or court having like jurisdiction, or in the chancery court of the county in which the property is situated, and when resort is had to the chancery court, no special ground of equitable jurisdiction need be alleged or proved. In all other cases actions to enforce such liens shall be brought before justices of the peace." We are of the opinion, that when the amount of the claim exceeds fifty dollars, as in this case, a justice of the peace is without any jurisdiction to entertain an action for the enforcement of a mechanic's or material man's lien, and to render a judgment looking to the enforcement of said lien.

[Montgomery, *et al.* v. Perryman & Co.]

The bill was subject to the demurrer interposed to it, and the chancellor erred in overruling the same and in not dismissing the bill for want of equity. A decree will be here rendered reversing the decree below sustaining the demurrer to the bill and dismissing the same for want of equity.

Reversed and rendered.

TYSON, DOWDELL, SIMPSON, ANDERSON, and DENSON, JJ., concur.